**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:08CV-00094-JHM**

**FREDERICK P. CLAYTON, JR., ET AL.**                                                                                 **PLAINTIFFS**

**VS.**

**HEARTLAND RESOURCES, INC., ET AL.**                                                                         **DEFENDANTS**

**FINDINGS OF FACT, CONCLUSIONS OF LAW**
**AND RECOMMENDATION**

**BACKGROUND**

Before the Court is Plaintiffs' renewed and restated motion for appointment of a receiver (DN 187). Defendants have not filed a response. The District Judge referred the matter to the undersigned United States Magistrate Judge for the purposes of conducting a hearing, if necessary, and issuing a report and recommendation (DN 146). 28 U.S.C. § 636(b)(1)(B).

In an order entered October 6, 2009, the undersigned scheduled a hearing for October 21, 2009 (DN 194). At the undersigned's direction, the Clerk's office mailed copies of this order to the business address and, if known, the home address of David A. Stewart ("Stewart"), D. Mark Haynes ("Haynes"), Richard Stewart, Chris Stewart, and Ruth Stewart because these individual Defendants are now proceeding *pro se* (DN 194 and 10/09/09 remark on docket sheet).

Participating in the October 6th hearing were Messrs. Joseph A. Woodruff and Harrison Wynn James, III, for Plaintiffs; Ms. Julie M. Burnstein and Mr. Barton Darrell for Defendant Hunter Durham ("Durham"); Defendant Haynes, proceeding *pro se*; and Stewart, proceeding *pro se*. Messrs. Haynes and Stewart confirmed that they and other individual Defendants

proceeding *pro se* did receive notice of the hearing through the mail. Messrs. Haynes and Stewart indicated the other individual Defendants proceeding *pro se* chose not to attend the hearing. Messrs. Haynes and Stewart also confirmed that they will keep the Court apprised of any changes of address. Additionally, the undersigned advised Messrs. Haynes and Stewart while they may individually proceed *pro se,* the corporate and partnership Defendants cannot, and they cannot represent the corporate and partnership Defendants because they are not attorneys. Finally, the undersigned denied Mr. Haynes' request to postpone the hearing because there has been more than adequate time for Defendants to prepare for the hearing.

## FINDINGS OF FACT

The undersigned adopts the District Judge's findings in the Memorandum Opinion and Order granting Plaintiffs' motion for a preliminary injunction (DN 103). Specifically, the District Judge found Plaintiffs have demonstrated a strong likelihood of success on the merits; Plaintiffs will suffer irreparable injury without an injunction because there is a strong possibility that the Defendants may dissipate assets before an order of attachment can be issued; the potential harm to Plaintiffs absent a preliminary injunction outweighs the harm to Defendants and other investors if a preliminary injunction is granted; and the public interest is best served by the issuance of an injunction that prohibits Defendants from dissipating or concealing assets (DN 103).

During the October 21st hearing, Mr. Woodruff directed the undersigned's attention to Exhibits A through N, submitted in support of Plaintiffs' original motion to appoint a receiver (DN 145); transcripts of the sworn testimony of Diana Reynolds and Defendants Richard Stewart, Mark Haynes and David Stewart taken, pursuant to § 2004 of the Bankruptcy Code, in June and August of 2009 (DN 197); and Exhibits 1 through 22 to these transcripts (DN 198, 199). In essence,

Mr. Woodruff argued this robust documentary evidence shows that the business entity Defendants including Heartland Resources, Inc. ("Heartland Resources"), Hydrocarbon Operating Company, Inc. a/k/a Heartland Operating Company, Inc. ("Hydrocarbon"), and Heartland Holding Company, Inc. ("Heartland Holding") are insolvent; working interests in gas wells are the primary assets of the business entity Defendants and the sole source of revenue; the gas wells are not operating because the Commonwealth of Kentucky, Division of Oil and Gas Conservation, revoked the operating bonds of Hydrocarbon; the business entity Defendants face federal payroll and other tax liens amounting to over $900,000 and judgments amounting to $689,369; and the individual Defendants have engaged in a systematic plundering of the monies received from investors and gas well revenues. In sum, the evidence presented by Plaintiffs clearly demonstrates an immediate need to appoint a receiver to prevent irreparable harm because Defendants are insolvent and incapable of operating the gas wells and generating any cash flow.

During the hearing, the proposed receiver William B. Blackmon testified about his credentials and his plans regarding the gas wells. The undersigned concludes Mr. Blackmon is more than adequately qualified to assume the role of receiver. Additionally, the undersigned finds his plan--retaining an operating company to get the gas wells in operation--is a sound approach to address the present situation and insure the highest and best value for the liquidation of assets. The undersigned recommends appointment of Mr. Blackmon as the receiver.

During the hearing, Messrs. Stewart and Haynes testified. Generally, they object to the appointment of a receiver. Messrs Stewart and Haynes do not believe a receiver is necessary at this time because of potential offers they have negotiated with two entities, the Randal Lee Cox Group and Imperial Petroleum, who are interested in purchasing the assets. They suggest that if these potential offers do not work out then the appointment of a receiver would be appropriate. Mr.

Haynes questioned the qualifications of Mr. Blackmon and suggested that Jeff Wilson with Imperial Petroleum was both willing and more qualified than Mr. Blackmon to serve as the receiver. However, Mr. Haynes did not bring Mr. Wilson to the hearing nor provide the Court with any information regarding his qualifications.

During the hearing Mr. Woodruff advised that the amended proposed order (DN 187) should be used, as opposed to the proposed order (DN 187, 188), because the former sets forth the correct address and hourly rate for Mr. Blackmon.

CONCLUSIONS OF LAW

Plaintiffs have provided the applicable law (DN 145). Appointment of a receiver presents a question to be resolved by federal law. The Federal Rules of Civil Procedure in pertinent part instructs:

> "The practice in the administration of estate by receivers or by other similar officers appointed by the court shall be in accordance with the practice heretofore followed in the courts of the United States or as provided in rules promulgated by the district courts."

Fed.R.Civ.P. 66; see also New York Life Ins. Co. V. Watt West Inv. Group, 755 F.Supp. 287, 289-92 (E.D. Ca. 1991); Midwest Sav. Ass'n v. Riversbend Assoc., 724 F.Supp. 661, 661-62 (D. Minn. 1989); Waag v. Hamm, 10 F.Supp.2d 1191, 1193 (D. Colo. 1998). Notably:

> "A district court enjoys broad equitable powers to appoint a receiver over assets disputed in litigation before the court. The receiver's role, and the district court's purpose in the appointment, is to safeguard the disputed assets, administer the property as suitable, and to assist the district court in achieving a final, equitable distribution of the assets if necessary."

Liberte Capital Group, LLC v. Capwill, 462 F.3d 543, 551 (6th Cir. 2007) (citing MOORE'S FEDERAL PRACTICE ¶¶ 66.02-.03 (3d ed. 1999)) see also Guy v. Citizens Fid. Bank & Trust Co.,

4

429 F.2d 828, 833-34 (6th Cir. 1970).

The appointment of a receiver is an equitable remedy of an extraordinary nature to be employed in cases of necessity to protect a plaintiff's interest in property, and the party seeking the relief has the burden of showing irreparable harm and a likelihood of success on the merits. Midwest Sav. Ass'n v. Riversbend Assocs. P'ship, 724 F. Supp. 661, 662 (D. Minn. 1989); see also New York Life Ins. Co. V. Watt West Inv. Corp., 755 F.Supp. 287, 292-93 (E.D. Ca. 1991). This remedy may be used when there is a showing of "fraud, or the imminent danger of property being lost, injured, diminished in value, or squandered and where legal remedies appear to be inadequate." McDermott v. Russell, 523 F.Supp. 347, 352 (E.D. Pa. 1981) (internal quotations omitted).

Here, for the reasons set forth above in the findings of fact section, the undersigned concludes appointment of a receiver is an appropriate remedy. Clearly, Plaintiffs' evidence shows there is an imminent danger of property being lost, injured, diminished in value and squandered. Further, legal remedies appear to be inadequate in light of the circumstances.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court grant Plaintiffs' renewed and restated motion for appointment of a receiver (DN 187), appoint William B. Blackmon, and utilize the amended proposed order accompanying the motion.

## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be filed within ten (10) days or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, U.S. 140 (1984).

Copies:    Counsel of Record
           David A. Stewart *pro se*
           D. Mark Haynes *pro se*
           Richard Stewart *pro se*
           Chris Stewart *pro se*
           Ruth Stewart *pro se*

1|5