IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| FREDERICK P. CLAYTON, JR., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> HEARTLAND RESOURCES, INC., ET AL., <br><br> Defendants. | Case No. 1:08-cv-94-M <br> Judge McKinley <br><br> JURY TRIAL DEMANDED |

ORDER

THIS MATTER is before the Court on the Magistrate Judge's Findings of Fact [DN 202]; and there being no objections filed; and the Court being sufficiently advised;
  **IT IS HEREBY ORDERED** that the Court's adopts the Findings of Fact.

THIS MATTER having come before the Court on the Motion For the Appointment of a Receiver ("Motion"), filed by the Plaintiffs/Investors herein (the "Plaintiffs"), and the Court having considered the matter, considered the evidence presented, and for other good cause appearing, hereby makes the following findings of fact, conclusions of law and order in connection with the Motion:

  1.   Defendant Heartland Holding Company, Inc. is a corporation organized under the laws of the State of Delaware and authorized to do business in Kentucky.

  2.   Defendant Heartland Resources, Inc. is a corporation organized under the laws of the State of Kentucky.

  3.   Defendant Heartland Excavating, Inc. is a corporation organized under the laws of the State of Kentucky.

4.      Defendant Heartland Drilling, Inc. is a corporation organized under the laws of the State of Kentucky.

5.      Defendant Heartland Operating Company, Inc. a/k/a Hydrocarbon Operating Company, Inc. is a corporation organized under the laws of the State of Kentucky.

6.      The term "Heartland Entity Defendants" as used in this Order means each of Heartland Holding Company, Inc., Heartland Resources, Inc., Heartland Operating Company, Inc., Heartland Drilling, Inc., and Heartland Excavating, Inc. and each of the Kentucky general and limited partnerships (the "Partnerships") that defendant parties in this civil action.

7.      By virtue of having purchased securities in the form of general and limited partnership interests, and working interests in various oil and gas drilling programs promoted and sold by the Heartland Entity Defendants, Plaintiffs are partners in various Kentucky limited and general partnerships of which Heartland Resources, Inc. is the general or managing partner. The term "Partnerships" as used in this Order means each of the limited and general partnerships syndicated by the Heartland Energy Defendants for oil and gas exploration, development and extraction.

8.      On January 8, 2009, this Court entered its Order granting a preliminary injunction against all Defendants [other than Hunter Durham] including the Heartland Entity Defendants [Docket Entry 103] and the Partnerships. The findings of fact set out in the Court's memorandum opinion accompanying the preliminary injunction are expressly incorporated by reference herein.

9.      The evidence of record reveals that the Heartland Entity Defendants are insolvent and are no longer operating in the ordinary course of business.

10.     The remaining assets of the Heartland Entity Defendants and the Partnerships, consisting primarily in of working interests in oil and gas wells, mineral leases and interests in producing wells, are in danger of being lost.

11.     Unless a receiver is appointed the jurisdiction of this Court, and any ultimate judgment, will be frustrated, and Plaintiffs will suffer irreparable injury and be left without an adequate remedy at law.

12.     The Court finds that sufficient notice has been provided to the parties to this proceeding to satisfy the requirements of Rules 65 and 66 of the Federal Rules of Civil Procedure.

13.     The Court finds that Heartland Resources, Inc., on the basis of its filings of assets and liabilities with the Court, is insolvent, and, accordingly, not later than February 1, 2009, each of the Partnerships has, pursuant to its applicable agreement of partnership, "dissolved" and therefore should be liquidated.

14.     The Court finds that Hydrocarbon Operating Company, Inc. a/k/a Heartland Operating Company, Inc. was a party by assignment to certain operating agreements with the Partnerships.  The proof shows that the Kentucky Division of Oil and Gas Conservation ordered the forfeiture of Hydrocarbon Operating Company, Inc.'s operating bond and further ordered Hydrocarbon Operating Company to cease operating the oil and gas wells in which the Partnership owned working interests (the "Wells").  The proof shows that not later than February 1, 2009 Hydrocarbon Operating Company was no longer capable of operating the Wells.  Therefore not later than February 1, 2009, pursuant to the terms of the Operating Agreements, Hydrocarbon Operating Company is deemed to have resigned as the operator of the Wells.

15. The Court finds that, based upon the facts of this case (as presented through the verified proof presented to this Court), grounds are present for the appointment of a receiver, in addition to the preliminary injunctive relief previously granted. The possibility of irreparable harm if no receiver is appointed is great. Plaintiffs are entitled to the appointment of a receiver under applicable law. No substantial harm will be incurred by the Heartland Entity Defendants should this Order be entered. The Receiver appointed hereunder shall post a bond. The purpose of the receivership is to take control and possession of the Partnerships and the Heartland Entity Defendants, collect, maintain, preserve and keep safe all the property and assets, both tangible and intangible, real and personal, of the Partnerships and of the Heartland Entity Defendants, including all general partnership interests in the Partnerships and all choses in action (the "Assets") in the aid of the judgments, orders, executions and other processes of this Court. Finally, the entry of this Order will substantially promote the public interest. Therefore, Plaintiffs are entitled to the appointment of a receiver and the requested injunctive relief.

16. Unless otherwise indicated herein, all capitalized terms used in this Order shall have the same meaning as ascribed to them in the Motion.

   IT IS HEREBY ORDERED, ADJUDGED AND DECREED

A. William B. Blackmon, of 209 North 24th Street, Middlesboro, Bell County, Kentucky 40965, is hereby appointed receiver over the Heartland Entity Defendants and the Partnerships (the "Receiver"). The appointment of the Receiver extends only to the Heartland Entity Defendants and the Partnerships and does not impose upon the Receiver any affirmative duty to act on behalf of, or defend, any of the other Defendants.

B. The Receiver shall post a bond in the amount of one thousand dollars ($1,000.00) within fifteen (15) days of the entry of this Order.

C. Upon entry of this Order, the Receiver is hereby directed and empowered to assume control of the Heartland Entity Defendants, their agents, employees, representatives and all of their subsidiaries, including the Partnerships and the assets thereof (the "Assets") wherever located, (a) to exclude the remaining Defendants, and their respective principals, agents, employees, representatives, affiliates, and subsidiaries from the Heartland Entity Defendants, the Partnerships and the Assets, except as expressly provided for in this Order, and (b) collect, maintain, preserve and keep safe the Assets in aid of the judgments, orders, executions and other processes of this Court.

D. The Receiver is hereby appointed to take charge of, collect, maintain, preserve and keep safe the Assets, and is hereby given the powers and authority usually held by receivers and reasonably necessary to accomplish the purpose of this receivership, including the powers to:

(1) enter upon, take possession of, and assume control of the Heartland Entity Defendants, the Partnerships and the Assets;

(2) take possession of all inventory, equipment and improvements comprising the Assets, and all books, records, and personal property relating to the Heartland Entity Defendants, the Partnerships and the Assets, wherever located;

(3) collect, and preserve all sums due to Heartland Entity Defendants and the Partnerships from the conduct of business in the ordinary course;

(4) receive, collect, take possession of, and preserve all intangible assets, accounts, bank accounts, incomes, profits, proceeds and other revenues generated by the Heartland Entity Defendants, the Partnerships and from the Assets, and exercise any and all intangible rights;

2760140.8                                                 5

(5)     deposit all revenues generated by the Heartland Entity Defendants, the Partnerships and the Assets or collected in the course of the receivership in one or more segregated interest-bearing accounts;

(6)     make all demand and bring all claims, actions and suits against any and all persons, individuals and entities who may be indebted or obligated to the Heartland Entity Defendants or the Partnerships;

(7)     make an accounting and keep accurate records concerning the Heartland Entity Defendants and the Assets, including the actual revenues collected and expenses paid each month, and to make such records are available to the Parties and the Court;

(8)     appoint, terminate and retain agents, employees and contractors, including one or more operators for the oil and gas wells that comprise a portion of the Assets, that are necessary to operate the Heartland Entity Defendants and the Partnerships in the ordinary course and to take charge of, repair, exploit and maintain the Assets and to collect from any source all sums which may be due for the services, oil and natural gas or goods extracted or provided in connection with the Assets;

(9)     rent, lease, or license from time to time any part of the Assets that may be deemed appropriate;

(10)    make, cancel, enforce, or modify contracts, leases, or licenses relating to any part of the Assets;

(11)    comply with all requirements of all governmental authorities;

(12)    pay taxes, assessments, and utility charges;

(13)    employ independent accountants, managers, brokers, auctioneers, legal counsel, and other similar professionals, subject to prior notice to this Court and the Parties, to assist the

2760140.8                                       6

Receiver in the performance of his duties as may be necessary during the period of the receivership and pay reasonable value for those services, subject to Court approval after notice and a hearing, from the revenues or proceeds of the Assets;

(14) obtain or continue such insurance as necessary to insure the acts and conduct of the Receiver and those persons whom he may employ to carry out the duties upon him;

(15) take all such actions and expend all such sums as may be necessary to obtain, maintain in effect, or transfer all required permits, licenses, insurance, zoning approvals, and other approvals related to the Assets and the extraction of oil and gas;

(16) upon further Court Order, market and sell all or any part of the Assets, pursuant to 28 U.S.C. § 2001, et. seq.;

(17) to change any and all locks on the Assets; and

(18) generally do, execute, and perform any other act, deed, matter, or thing whatsoever that the Receiver reasonably deems ought to be done, executed, and performed in and about or with respect to the Heartland Entity Defendants, the Partnerships, the Assets or related revenues.

E. The Receiver is further directed to act as the "Liquidating Trustee" of each of the Partnerships and to take all actions necessary to liquidate such Partnership pursuant to its applicable agreement of partnership. The Receiver, in his capacity as the Liquidating Trustee, shall have all powers enumerated in this Order and in each applicable agreement of partnership and shall be subject to all requirements and approvals of the Court as set forth herein.

F. The Receiver is hereby authorized and directed to take all action deemed reasonable and necessary to ensure compliance with all applicable requirements imposed by applicable local, state, or federal law.

G.      The Receiver's compensation for services under this Order, not including any fee of any broker, auctioneer, attorney or accountant retained by the Receiver, shall be one hundred twenty-five dollars ($125.00) per hour, plus the Receiver's reasonable and necessary out-of-pocket expenses directly related to the performance of his duties, payable prior to any distribution to other parties in interest; provided however, prior to receiving payment for any month, the Receiver shall file with this Court a monthly report documenting his time and expenses incurred for that month commencing on the last business day of the first full month following entry of this Order, and continuing on the last business day of each month during the pendency of the receivership. Upon Receiver's application and subject to approval of this Court, Receiver shall be paid monthly (in arrears) the Receiver's fees as well as actual, reasonable out-of-pocket expenses incurred in carrying out his duties as Receiver for the Assets, such payment to be made from the Assets.

H.      When the Receiver files his final report and motion for discharge, the Receiver shall file with this Court a fee application for final approval of the fees and expenses paid to the Receiver during the pendency of the receivership. The right of any interested party to object to any fees and expenses as unreasonable is preserved.

I.      Commencing on the last business day of the first full month following entry of this Order, and continuing on the last business day of each month during the pendency of the receivership, the Receiver shall file with this Court and serve on the parties, a report(s) documenting the actions that the Receiver has taken for the preceding month.

J.      The Receiver shall keep an accounting and keep accurate records concerning the Heartland Entity Defendants, the Partnerships and the Assets from the date of the entry of this Order. Among the records to be kept are the actual Assets, revenues, proceeds and the like

collected, and expenses paid each month, and any other records which may be required by any law, or would be reasonable and prudent to keep under the circumstances. Such records shall be made available, upon reasonable request and notice, to the Parties and shall be included in the monthly reports made to this Court.

      K. Defendants and their respective independent contractors and agents, and all persons in active concert and participation with them, including officers, directors, employees, agents, accountants, attorneys, insurors, utilities and banks, are ordered to deliver immediately over to the Receiver or his agents, whenever received, all Assets and receivership property described above, including, without limitation, bank accounts, personnel files, financial records, payroll records, certificates and licenses, contracts, leases, books, insurance certificates, binders or other records relating to the Heartland Entity Defendants, the Partnerships and the Assets, fixtures, inventory, supplies, furniture, and equipment used or associated therewith, and all other things of value relating to the Heartland Entity Defendants, the Partnerships and the Assets, and necessary to permit the Receiver to carry out his duties under this Order without interference or delay.

      L. Except as may be expressly authorized by this Court in this Order or hereafter upon notice and a hearing, the Defendants, their respective successors, assigns, agents or any persons or entities claiming by, through or under them hereby are enjoined from:

          (1) Possessing the Assets and from interfering in any way with the possession, collection, maintenance and preservation of the Assets by the Receiver, including terminating or causing to be terminated any bank account, contract or agreement relating to the Assets;

          (2) Collecting, withdrawing, transferring, conveying, concealing, or otherwise disposing of the Assets, including cash, and the proceeds derived therefrom, during the

appointment of the Receiver, including collecting any rents, revenues, issues, proceeds or profits from the Assets, withdrawing funds from any bank or other depository account relating to the Assets, or causing the cancellation or termination of any policy of insurance and directing the remittance of any premium refund or any funds generated or payable on account of such termination of any such policy;

(3)  Removing any property comprising or related to the Assets and from removing, destroying, concealing, changing, or altering in any manner any of the books or records relating to the ownership, possession, or operation of the Heartland Entity Defendants, the Partnerships and the Assets.  Defendants and their respective agents are expressly charged with the duty of advising all banks, depositories, insurance companies, utilities and creditors, if requested to do so by the Receiver, of the contents of this Order, and its agreement that the Receiver be given full and sole access to all accounts, contracts or other rights and entitlements which previously inured to the benefit of the Heartland Entity Defendants and the Partnerships.

M.  Except as may be expressly authorized by this Court in this Order or hereafter upon notice and a hearing, the Defendants, and their respective successors, assigns, agents or any persons or entities claiming by, through or under them, hereby are required to:

(1)  Pay the cash Assets and the revenues derived therefrom to the Receiver; and

(2)  Pay and turn over immediately to the Receiver, and to perform all acts necessary to transfer to the Receiver, all funds on hand in cash, securities, and all funds held in deposit accounts of or for the benefit of the Heartland Entity Defendants, the Partnerships or of the Assets arising from the ownership, possession, or operation of the Heartland Entity Defendants, the Partnerships and the Assets and all accounts, accounts receivable, and any other collectibles

2760140.8                                              10

and all keys, books, records, equipment, and all things in any manner related to the ownership, possession or operation of the Partnerships or the Assets.

      N.      The Receiver shall permit counsel for the Parties, upon reasonable request and notice, to fully inspect the Assets and the books and records kept in connection therewith

      O.      Plaintiffs or the Receiver (for as long as this Order remains operative) may from time to time request that the Court enter additional orders to supplement, clarify, effectuate or amend this Order.

      P.      The Receiver shall forthwith provide a copy of this Order <u>via</u> first-class mail, facsimile or hand delivery to any persons in possession of the Assets, or otherwise affected by this Order. Upon service of this Order upon any person or entity, or any employee or agent of such person or entity, such person shall be deemed to be required to comply with all of the terms of this Order from the moment of service upon such person, entity, agent or employee until the Court shall have relieved such person from the terms of this Order by subsequent order. "Service" shall constitute oral or written notice in any form (including by facsimile) to the office of any person to be bound thereby.

      Q.      Any creditor or party holding a claim arising from, related to, or against the Heartland Entity Defendants, the Partnerships or the Assets, is enjoined from prosecuting such claim from the date of entry of this Order. For purposes of this Order, the term "claims" shall have the definition set out in 11 U.S.C. §101 (5). In the event the Receiver or any of the Defendants are served with process or are otherwise notified of any pending lawsuit which could result in a lien or charge against the Heartland Entity Defendants, the Partnerships or the Assets if reduced to judgment, or which could adversely affect the possession of the Receiver of any of the Heartland Entity Defendants, the Partnerships or the Assets, the Receiver shall notify the

plaintiff in such case of this Order, and such plaintiff shall immediately cease the prosecution of such lawsuit and shall serve a claim upon the Receiver. Upon such notice, such claimant shall be enjoined from further proceeding until this Court enters a further Order providing for the disposition of all such claims. Defendants shall cooperate with the Receiver by notifying the Receiver of any such claim made by legal process upon them by immediately contacting the Receiver and Plaintiffs' counsel and making the Receiver and Plaintiffs' counsel aware of the pendency of any such action. The Receiver may petition this Court for any orders necessary (including for contempt) of any violation of this Order by any creditor or other party.

R. The Court reserves for a future date the establishment of the final date for the filing of any claim against the Heartland Entity Defendants, the Partnerships or the Assets (the "Bar Date"). The Court hereby orders that the Receiver shall give notice to all creditors shown on the books and records of the Heartland Entity Defendants and the Partnerships, any party having filed notice with the Kentucky Secretary of State or any party identifying itself to the Receiver, in writing, as having a claim, of the Bar Date and of the procedure for filing a claim against this receivership within thirty (30) days of the setting of the Bar Date. Such notice shall also advise all such claimants of the procedure, determined in the sole discretion of the Receiver, of how any claim against the Assets will be adjudicated. Failure by any party to file a claim by the Bar Date in the manner provided in the notice of the Receiver shall forever bar any such claim against the Heartland Entity Defendants, the Partnerships or any part of the Assets.

S. Upon entry of an Order determining the entitlement to the proceeds of the Assets and of this receivership and the filing of the Receiver's final report, the receivership shall be dismissed with prejudice upon disbursement of all such proceeds to the party or parties adjudged

entitled to such proceeds. In the event this receivership is dismissed without the disposition of the Assets, creditors may resort to any remedies they had prior to the receivership being filed.

T. Except as otherwise provided herein, this receivership action and the preliminary injunction shall continue until further Order of this Court. Plaintiffs shall post a bond in the amount of $1,000 pursuant to Fed. R. Civ. P. 65(c). The bond may be posted in cash.

IT IS SO ORDERED.

Submitted for Entry by:

/s/  *Joseph A. Woodruff*
Joseph A. Woodruff
H. Wynne James
Rhonda Scott Kinslow
Rebecca Brinkley
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee  37219-8966
Phone: (615) 244-6380
Facsimile: (615) 244-6804
Wynne.James@wallerlaw.com
Woody.Woodruff@wallerlaw.com
Rhonda.Kinslow@wallerlaw.com
Rebecca.Brinkley@wallerlaw.com

*Counsel for the Plaintiffs*

Copies to:  Counsel of record