# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

**CIVIL ACTION NO.: 1:08CV-94-M**

**FREDERICK P. CLAYTON, JR., et al.**                              **PLAINTIFFS**

**v.**

**HEARTLAND RESOURCES, INC., et al.**                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the plaintiffs' motion for final judgment against the Heartland Defendants, costs, and attorney's fees [DN 237]. The Heartland Defendants have not responded to the motion. For the reasons that follow, the plaintiffs' motion is **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

In their 20-count complaint, the plaintiffs alleged that the Heartland Defendants offered and sold oil and gas securities to them in violation of various federal and state securities laws. On February 1, 2010, the Court granted summary judgment in favor of the plaintiffs on eight of those counts [DN 227].[1] In granting summary judgment, the Court found that the plaintiffs were entitled to rescission of their investments. The plaintiffs now request that final judgment in the amount of $18,234,566.93 be entered in their favor on these claims pursuant Fed. R. Civ. P. 54(b) along with costs and attorneys fees.

---

[1] Although the Court granted summary judgment on these counts, still pending are various other securities claims against the Heartland Defendants and an additional defendant, Hunter Durham.

## II. DISCUSSION

### A. FINAL JUDGMENT

In relevant part, Rule 54(b) provides:

> When an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). Under this Rule, the trial court is to act as a "dispatcher," exercising its "sound judicial discretion . . . to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980) (citing Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435 (1956)).

Before certifying a matter as appealable under this Rule, the Court must first determine that it is dealing with a final judgment. Id. at 7. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). Here, the Court in its summary judgment order made a decision upon various cognizable claims for relief–one count of violating the Securities Act of 1933, three counts of violating the Securities Exchange Act of 1934, three counts of violating the Kentucky Blue Sky Law, and one count of common law fraud. It ultimately disposed of these matters finding that the plaintiffs were entitled to rescission of their investments. Therefore, the Court is dealing with a final judgment.

Next, the Court must exercise its discretion "'in the interest of sound judicial

administration'" to "determine whether there is any just reason for delay." Id. at 8 (quoting Mackey, 351 U.S. at 437). The Court "must take into account judicial administrative interests" in order "to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" Id. (citing Mackey, 351 U.S. 438). The Court should consider certain factors "such . . . as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id. After assessing the judicial administrative interests, the Court must then take into account "the equities involved." Id.

The Court finds that sound judicial administration does not factor against entering a final judgment on the previously resolved claims. Granting summary judgment on those claims was uncontested, and the Court does not think it likely that the Heartland Defendants will appeal the entry of final judgment on those claims. Therefore, certifying this matter as final will not result in piecemeal appeals even if an appeal should follow from the resolution of the claims against Hunter Durham.[2] The Court also finds that the equities support entry of a final judgment. In Curtiss-Wright, where the debts in issue were liquidated and large, the Supreme Court noted "that absent Rule 54(b) certification [the plaintiffs] would not be paid for many months, if not years because the rest of the litigation would be expected to continue for that period of time." Id. at 11. Here, the Court likewise finds that the damages are liquidated and large, and as the

---

[2] The plaintiffs have agreed to voluntarily dismiss the claims that remain against the Heartland Defendants upon entry of a final judgment.

3

Heartland Defendants have not responded to the plaintiffs' motion, the damages are uncontested. This factor weighs in favor of entering a final judgment on the previously resolved claims.

Having found that sound judicial administration does not weigh against entering a final judgment and the equities support the entry of a final judgment, the Court will grant this portion of the plaintiffs' motion.

### B. ATTORNEY'S FEES AND COSTS

The plaintiffs also seek attorney's fees in the amount of $3,650,000, which represents a retainer fee of 5% of the principal amount invested by the plaintiffs, or $910,000, plus an additional contingency fee of $2,740,000, which represents 15% of the approximately $18,000,000 requested judgment. The plaintiffs' lead attorney, Joseph A. Woodruff, filed a declaration indicating that his firm is entitled to these fees pursuant to a written engagement agreement with the plaintiffs. He further declared that in his opinion, the requested fee award would be reasonable under the circumstances.

The Court finds, however, that the information provided in the plaintiffs' motion and declaration in support of their motion, is insufficient to award the requested attorney's fee. The plaintiffs' fee request is based solely upon their contingency fee contract with their attorney. However, "[w]hat a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the 'reasonable attorney's fee' that a defendant must pay pursuant to a court order." Venegas v. Mitchell, 495 U.S. 82, 90 (1990); see also Blanchard v. Bergeron, 489 U.S. 87, 93 (1989) ("The defendant is not, however, required to pay

the amount called for in a contingent-fee contract if it is more than a reasonable fee calculated in the usual way."). Instead, the most useful starting point for determining the amount of a reasonable fee, also known at the lodestar method,

> is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. *The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.* Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (emphasis added); see also Meyers v. Chapman Printing Co., 840 S.W.2d 814, 826 (Ky. 1992) ("the attorney's fee awarded should consist of the product of counsel's reasonable hours, multiplied by a reasonable hourly rate, which provides a 'lodestar' figure . . . ."). After calculating the lodestar, there remain other considerations, known as the Johnson factors, Adcock-Ladd v. Secretary of Treasury, 227 F.3d 343, 349 (6th Cir. 2000) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)), "that may lead the district court to adjust the fee upward or downward[,]" Hensley, 461 U.S. at 434; Meyers, 840 S.W.2d at 826 (the lodestar figure "may then be adjusted to account for various special factors in the litigation.").

This approach is to be followed even where the plaintiffs have entered into a contingency fee agreement with their attorney. Blanchard, 489 U.S. at 94 ("We have never suggested that a different approach is to be followed in cases where the prevailing party and his (or her) attorney have executed a contingent-fee agreement."). Furthermore, the risk involved in accepting a case on a contingency-fee basis is not a factor that would permit an upward adjustment to the lodestar. City of Burlington v. Dague, 505 U.S. 557, 567 (1992) ("we hold

5

that enhancement for contingency is not permitted under the fee-shifting statutes at issue."); Meyers, 840 S.W.2d at 826 (contingency enhancement is inappropriate). Accordingly, the documentation provided to the Court to support the plaintiffs' motion for attorney's fees is insufficient to determine whether their request is reasonable. The Court will deny this portion of the plaintiffs' motion at this time with leave to file an amended request with sufficient documentation to determine a reasonable fee in accordance with Hensley and Meyers.[3]

### III. CONCLUSION

Accordingly, the plaintiffs' motion for the entry of a final judgment against the Heartland Defendants, costs, and attorneys fees [DN 237] is **GRANTED in part** and **DENIED in part**. The plaintiffs shall file an amended motion for attorney's fees consistent with this Opinion.

cc: Counsel of Record

---

[3] In their motion, the plaintiffs also request that they be awarded costs in this matter, but have failed to file a bill of costs in accordance with 28 U.S.C. § 1920 and Local Rule 54.3. The plaintiffs may seek their costs upon compliance with these rules.