IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

| | |
|---|---|
| FREDERICK P. CLAYTON, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:08CV-94-M |
| v. ) | Judge McKinley |
| ) | |
| HEARTLAND RESOURCES, INC., ) | JURY TRIAL DEMANDED |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' AMENDED MOTION FOR ATTORNEYS' FEES

Plaintiffs, individual investors of securities unlawfully sold by the Heartland Defendants, prevailed on their motion for partial summary judgment against the Heartland Defendants. (Docket No. 227). In granting summary judgment, the Court found that the Plaintiffs were entitled to rescission of their investments. The Court entered a final judgment on these claims against the Heartland Defendants on March 31, 2010 (Docket No. 254), granting in part Plaintiffs' motion for entry of a final judgment, costs, and attorneys' fees (Docket No. 237). The Court denied the Plaintiffs' motion for attorneys' fees, finding that the Plaintiffs should submit materials which evidence the hours worked and rates claimed. (Docket No. 254). Accordingly, Plaintiffs' amend their motion for attorneys' fees and submit the attached exhibits sufficient to determine a reasonable fee.

Based on the lodestar figure, Plaintiffs seek a judgment of attorneys' fees under Federal Rule of Civil Procedure 54(d) in an amount no less than $1,191,613.00, and request that the Court adjust the lodestar figure upwards due to the skill, reputation, and experience of the

1

Plaintiffs' attorneys, the time and labor involved, and the amount involved and the results obtained.

## I. ARGUMENT

**A. Plaintiffs are entitled to an award of attorneys' fees under Ky. Rev. Stat. § 292.480(1).**

On February 1, 2010, the Court granted the Plaintiffs' Motion for Summary Judgment against the Heartland Defendants with respect to the First, Second, Third, Fifth, Sixth, Ninth, Tenth, and Fourteenth Causes of Action in the First Amended Complaint, and granted Plaintiffs rescission of their investments in the securities sold to them by the Heartland Defendants. (Docket No. 227). As the prevailing parties on these claims, Plaintiffs are entitled to an award of attorneys' fees pursuant to Ky. Rev. Stat. § 292.480(1).

**B. The amount of attorneys' fees sought is reasonable**

In determining the reasonableness of a fee request, the starting point of the attorneys' fee calculation is the "lodestar" method, under which fees are determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See U.S. Structures v. J.P. Structures*, 130 F.3d 1185, 1193 (6th Cir. 1997); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A party seeking to recover fees must provide the court with "evidence supporting the hours worked and the rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This requirement can be satisfied by the affidavits of Plaintiffs' attorneys as to their fees and copies of billing invoices describing the activity involved, the amount of time expended on such activity, and the total amount owed for that activity. *Building Service Local 47 v. Grandview Raceway*, 46 F.3d 1392, 1402–03 (6th Cir. 1995).

### 1. Calculation of the lodestar figure

The process of determining a reasonable fee ordinarily begins with the court's calculation of a so-called "lodestar" figure, which is arrived at by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. The Supreme Court has noted that there is "[a] strong presumption that the lodestar figure . . . represents a 'reasonable' fee." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

A reasonable rate is the prevailing rate in the relevant market for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Blum v. Stevenson*, 465 U.S. 886, 895 n.11 (1984). "In the case of private attorneys . . . where an attorney requesting fees has well-defined billing rates, those rates can be used to help calculate a reasonable rate for a fee award." *Bridgeport Music, Inc. v. Lorenzo*, 255 F. Supp. 2d 795, 799–800 (M.D. Tenn. 2003) (quoting *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995)).

Attached to the Declaration of Joseph A. Woodruff are billing records with detailed time entries for all of the work expended on this matter listing the billing rate for the attorney who recorded each time entry, through November 12, 2009, the date on which Plaintiffs filed their motion for partial summary judgment against the Heartland Defendants. (Exhibit A, Woodruff Declaration ¶¶ 10–11). The standard billing rates for the attorneys and paralegals who worked on this matter range from $490/hour, a partner billing rate, to $135/hour, a billing rate for paralegals. (Woodruff Dec. ¶ 8). Plaintiffs' attorneys have spent 4,010.5 hours pursuing

Plaintiffs' claims against the Heartland Defendants. The total calculated fee is $1,191,613.00.[1] (Woodruff Dec. ¶ 12).

The billing rates are reasonable rates in the Nashville market among firms of this size and lawyers with the level of experience and skill. In comparison to a firm of similar size and composition, Waller's rates are within the range of reasonableness in the Nashville market. (Woodruff Dec. ¶ 14).

### 2. The Court should adjust the lodestar calculation upwards based on the *Johnson* factors.

District courts may take other factors into account in calculating reasonable attorneys' fees. In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), the Fifth Circuit provided a catalog of twelve factors that trial courts may consider when calculating reasonable awards of attorneys' fees. These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputations, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Blanchard v. Bergeron*, 489 U.S. 87, 91 n.5 (1989) (citing *Johnson*, 488 F.2d at 717–19).

---

[1] The time entries have been reviewed, and the entries which reflect billing for tasks related to prosecuting the claims against Hunter Durham have been removed. (Exhibit B, Murdock Declaration ¶¶ 3–4). The amount related to Hunter Durham up through November 12, 2009 totals 750.4 hours and $168,648.00 in fees. (Murdock Dec. ¶ 4). While this recorded time does include some work done with respect to the Heartland Defendants, it was eliminated nonetheless from the calculation of the lodestar figure as to the Heartland Defendants due to the difficulty in differentiating among the defendants on the billing records. (Murdock Dec. ¶ 4).

4

3653829.1

Here, the Court should adjust the lodestar figure upwards due to the skill, reputation, and experience of the Plaintiffs' attorneys, the time and labor involved, and the amount involved and the results obtained.

*a. The skill, reputation, and experience of the attorneys involved*

Great skill was required of the Plaintiffs' attorneys to properly prosecute this case against the Heartland Defendants, as the case involved complex issues related to federal and state securities laws, bankruptcy, receiverships, and mineral rights.

The attorneys who devoted the most substantial amounts of time to this case have outstanding reputations and are experienced in matters related to securities fraud litigation. Joseph A. Woodruff is a partner at Waller Lansden and is lead trial counsel in this action. (Woodruff Dec. ¶¶ 3–4). Mr. Woodruff has extensive experience in complex business and tort litigation involving substantial damages and claims in federal and state courts across the country. (Woodruff Dec. ¶ 3). These cases have included representing clients in matters involving breach of contract, fraud, and violations of federal and state securities laws. (*Id.*). Mr. Woodruff has been recognized in *The Best Lawyers in America* (Woodward White, Inc.) for his work in commercial litigation and has been recognized by Martindale-Hubbell as an AV® rated attorney. (*Id.*).

H. Wynne James is a partner at Waller Lansden and has significant experience in the areas of securities law, mergers and acquisitions, and federal tax law. (Woodruff Dec. ¶ 5). Mr. James has extensive experience in securities fraud litigation, particularly in the representation of investors of oil and gas securities. (*Id.*). He has been recognized in *The Best Lawyers in America* (Woodward White, Inc.) for his tax law experience and has been recognized by Martindale-Hubbell as an AV® rated attorney. (*Id.*).

Rhonda Scott Kinslow is an associate at Waller Lansden. (Woodruff Dec. ¶ 6). She is a graduate of the University of Virginia and Indiana University School of Law. (*Id.*). Following law school, she was a law clerk for Judge William J. Haynes, Jr., Middle District of Tennessee. (*Id.*). Ms. Kinslow practices in the firm's Trial and Appellate group. (*Id.*). She represents a variety of clients in a wide range of industries in matters involving breach of contract, breach of fiduciary duties, and claims under the securities laws. (*Id.*).

Rebecca Brinkley is an associate in Waller Lansden's Trial and Appellate group. (Woodruff Dec. ¶ 7). She is a graduate of the University of Alabama and University of Alabama School of Law. (*Id.*). Ms. Brinkley represents businesses and individuals in commercial litigation, and has handled matters at both the trial and appellate level of state and federal courts. (*Id.*). She has extensive experience in securities fraud litigation, particularly in the representation of investors of oil and gas securities. (*Id.*).

Taken together, the lodestar calculation should be adjusted upwards due to the skill required and the excellent reputation and securities fraud litigation experience of counsel.

      *b. The time and labor required*

The time and labor required of the attorneys representing the plaintiffs in this case has been substantial. In all, Waller Lansden attorneys and paralegals have devoted 4,010.5 hours to prosecuting Plaintiffs' claims against the Heartland Defendants. This investment of time was reasonably necessary in light of the services required, as this case dealt with complex issues related to federal and state securities laws, bankruptcy, receiverships, and mineral rights. The labor in the examination of authorities and documents preliminary to drawing each of the complaints in this case was significant, and this extra care and labor merits an upward adjustment of the lodestar calculation.

Further, this case has involved extensive motion practice, fact investigation and proceedings before two courts at the same time; district court and bankruptcy court. In order to represent the Plaintiffs properly, two partners, Joseph A. Woodruff and H. Wynne James, and two associates, Rhonda Scott Kinslow and Rebecca Brinkley, have devoted a substantial amount of time to this matter. Various other partners, associates, and paralegals also invested a considerable amount of time. The amount of time spent and the labor required to properly represent the Plaintiffs justifies a higher fee.

*c. The amount involved and the results obtained*

The amount of Plaintiffs' rescission interest was upwards of $18 million. The amount involved measurably increased the work involved, as the $18 million figure represents the total value of the interests of over 80 individual plaintiffs. Further, Plaintiffs' legal team achieved an exceptional result; a judgment in favor of Plaintiffs granting Plaintiffs rescission of their investments. This level of success supports an award of the full amount of fees claimed, as the attorneys' fee award should reflect the relief granted.

## II. CONCLUSION

WHEREFORE, the Plaintiffs request that the Court enter a judgment of attorneys' fees under Federal Rule of Civil Procedure 54(d) in an amount no less than $1,191,613.00, and request that the Court adjust the lodestar figure upwards due to the skill, reputation, and experience of the Plaintiffs' attorneys, the time and labor involved, and the amount involved and the results obtained.

Respectfully submitted,


s/ Joseph A. Woodruff
Joseph A. Woodruff
H. Wynne James
Rhonda S. Kinslow
Rebecca Brinkley
Tera Rica Murdock
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee  37219-1760
615-244-6380
Joseph.Woodruff@wallerlaw.com
Wynne.James@wallerlaw.com
Rhonda.Kinslow@wallerlaw.com
Rebecca.Brinkley@wallerlaw.com
TeraRica.Murdock@wallerlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that, on this the 14th day of April, 2010, by the Court's electronic filing system, a copy of the foregoing document was served upon the following:

Barton D. Darrell, Esq.
Bell Orr Ayers & Moore, PSC
1010 College Street
P.O. Box 738
Bowling Green, KY 42102

Eugene N. Bulso, Jr., Esq.
Leader, Bulso & Nolan, PLC
414 Union Street, Suite 1740
Nashville, TN 37219

*Attorneys for Defendant Hunter Durham*

And a copy was served by first-class mail upon:

Defendant David A. Stewart
248 Rivergreen Lane
Bowling Green, KY 42103-8726

Defendant D. Mark Haynes
696 Rivergreen Lane
Bowling Green, KY 42103-8770

Defendant Richard Stewart
170 Chambers Drive
Bowling Green, KY 42103-1304

Defendant Ruth Stewart
1642 Seminole Drive
Bowling Green, KY 42103

Defendant Chris Stewart
195 Doe Crossing Drive
Smiths Grove, KY 42171

All Defendant Entities
942 Searcy Way
Bowling Green, KY  42103

                                            s/ Joseph A. Woodruff