UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:08CV-94-JHM**

**FREDERICK P. CLAYTON, JR., et al.**                                                  **PLAINTIFFS**

**V.**

**HEARTLAND RESOURCES, INC., et al.**                                           **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Amended Motion for Attorneys' Fees [DN 263]. The Court granted Plaintiffs' Motion for Partial Summary Judgment against the Heartland Defendants on February 1, 2010. On March 31, 2010, the Court entered a final judgment against the Heartland Defendants, but denied Plaintiffs' Motion for Attorneys' Fees in the amount of $3,650,000 [DN 254]. Plaintiffs were asked to submit evidence of the hours worked and rates claimed for the purpose of calculating, under the lodestar method, reasonable attorneys' fees entitled to them as prevailing parties under K.R.S. § 292.480(1). Plaintiffs have submitted such evidence in their Amended Motion for Attorneys' Fees. The Heartland Defendants have not responded. For the reasons set forth below, Plaintiffs' Amended Motion for Attorneys' Fees is **GRANTED** in the amount of $1,191,613.00.

**I. STANDARD**

The party seeking attorney's fees bears the burden of documenting his entitlement to the award by showing that he prevailed and that the fee is reasonable. Reed v. Rhodes, 179 F.3d 453, 471-72 (6th Cir. 1999) (citing Webb v. Dyer County Bd. of Educ., 471 U.S. 234, 242 (1985); Blum v. Stenson, 465 U.S. 886, 893 (1984)). To be reasonable, a fee must be "adequately compensatory to attract competent counsel yet [ ] avoid[ ] producing a windfall for lawyers." Gonter v. Hunt Valve Co., Inc., 510 F.3d 610, 616 (6th Cir. 2007). The starting (and usually ending) point is the lodestar formula: the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley v.

Eckerhart, 461 U.S. 424, 434 (1983).

In "rare" or "exceptional" cases courts may adjust the lodestar upward or downward by considering the twelve factors articulated by the Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) and adopted by the Supreme Court in Hensley, 461 U.S. at 471. See Geier v. Sundquist, 372 F.3d 784, 792 (6th Cir. 2004). Those factors are as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Johnson, 488 F.2d at 717-20; Hensley, 461 U.S. at 434, n.9, 471-72.

## II. DISCUSSION

Plaintiffs have submitted evidence of the hours worked and rates claimed, along with supporting declarations. The evidence demonstrates that attorneys for Plaintiffs logged 4010.5 hours securing the final judgment against the Heartland Defendants for a total calculated fee of $1,191,613.00. Plaintiffs request that this lodestar figure be adjusted upwards based on the skill, reputation, and experience of the attorneys, the time and labor required, and the amount involved and results obtained.

The Supreme Court has explained that there is "a 'strong presumption' that the lodestar represents the 'reasonable' fee and . . . [that] the fee applicant who seeks more than that [has] the burden of showing that 'such an adjustment is *necessary* to the determination of a reasonable fee.'" City of Burlington v. Dague, 505 U.S. 557, 562 (1992) (citations omitted) (emphasis added). It follows that only "rare" and "exceptional" cases are suitable for upward adjustment. See Barnes v. City of Cincinnati, 401 F.3d 729, 746 (6th Cir. 2005) (approving of increase to the lodestar where affidavits

from area lawyers stated that few attorneys would have taken the case because it was novel and controversial); see also Brotherton v. Cleveland, 141 F. Supp. 2d 907, 913 (S.D. Ohio 2001) (awarding upward adjustment for solo practitioner who took an unpopular case others turned down, achieved exceptional results, and brought to light a novel cause of action); Meredith v. Jefferson County Bd. of Educ., 2007 WL 3342282, *12-13 (W.D. Ky.2007) (awarding upward adjustment in case that "changed the face of American jurisprudence," where counsel was "vilified" and suffered "adverse public and personal criticism").

Unlike the cases described above, Plaintiffs have not produced any evidence that theirs was a "rare" and "exceptional" case warranting an upward adjustment of the lodestar formula. Furthermore, the Johnson factors do not support an upward adjustment of the award. The skill, experience, time and labor required by Plaintiffs' counsel to achieve this judgment are already accounted for in the lodestar calculation. The amount at issue and result obtained do not warrant an upward adjustment because the Plaintiffs' Motion for Summary Judgment and their Motion for Entry of Final Judgment went unopposed by Heartland Resources. Therefore, the Court finds that the lodestar figure is appropriate and declines to enhance that figure upwards.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Amended Motion for Attorneys' Fees against the Heartland Defendants should be **GRANTED** in the amount of $1,191,613.00.

cc: counsel of record