# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:08CV-00094-JHM**

| | |
|---|---|
| **FREDERICK P. CLAYTON, JR., et al.** | **PLAINTIFFS** |
| **V.** | |
| **HEARTLAND RESOURCES, INC., et al.** | **DEFENDANTS** |
| **AND** | |
| **UNITED WELL COMPLETION, INC.** | **INTERVENING PLAINTIFF** |
| **V.** | |
| **HEARTLAND RESOURCES, INC., et al.** | **INTERVENING DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Intervening Defendant Hunter Durham's Motion to Dismiss Intervening Complaint [DN 443] pursuant to Fed. R. Civ. P. 12(b)(6). Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

The original action in this case involves several investors who have filed suit against Heartland Resources, its subsidiaries, its officers, and its lawyer, Hunter Durham, alleging violations of federal and state securities laws. United Well Completion, Inc. intervened in this cause of action in an attempt to void certain leases granting rights to drill for oil and gas that Heartland Resources and its subsidiaries had entered into with landowners. United Well has entered into oil and gas leases with many of these same landowners and now seeks to have its own leases declared valid and the Heartland leases declared null and void for failure to comply with the terms of the leases.

Hunter Durham has filed a motion to dismiss the intervening complaint under Fed. R. Civ. P. 12(b)(6). Durham contends that the intervening complaint seeks to have leases, to which he is not a party and has no interest, declared void. Durham argues that the facts asserted in the complaint, taken as true, do not demonstrate a claim against Durham upon which relief can be granted. The Court agrees and dismisses the intervening complaint against Durham.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 1949-50. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 1950 ( quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

In its complaint, United Well states that it seeks to have certain contested leases declared null and void. United Well has filed this intervening complaint against all of the defendants captioned

2

in the original action. However, Durham was included in the original action due to his involvement as the drafting attorney of several private placement memoranda used to attract potential investors, not due to his involvement in the companies' business affairs. Attached to its intervening complaint, United Well submitted an exhibit listing the applicable Heartland organizations and individual investors who are parties to the contested leases. Nowhere in this exhibit does Durham's name appear. Furthermore, there are no allegations within the intervening complaint itself that allege that Durham was involved, in any way, with the contested leases. The complaint does not allege facts that allow the Court to infer that Durham is involved with or liable for any of the contested leases. Therefore, the Court dismisses the intervening complaint against Durham.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Intervening Defendant Hunter Durham's Motion to Dismiss Intervening Complaint [DN 443] is **GRANTED**.

cc: counsel of record

3